UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Master Docket No. **09-md-02063-JLK-KMT** (MDL Docket No. 2063)

IN RE: OPPENHEIMER ROCHESTER FUNDS GROUP SECURITIES LITIGATION

This document relates to all Master Docket (MDL and D. Colo.) actions.
_____
Civil Action No. **09-cv-386-JLK-KMT**

**RONALD J. JANSSEN, Individually and on Behalf of all Others Similarly Situated**,

  Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

  Defendants.
_____
Civil Action No. **09-cv-525-JLK-KMT**

**HELGA PETERS**, **Individually and on Behalf of all Others Similarly Situated,**

  Plaintiff,

v.

**OPPENHEIMERFUNDS, INC. et al.,**

  Defendants.
_____
Civil Action No. **09-cv-1186-JLK-KMT**

**JULIAN FERGUSON, Individually and on Behalf of all Others Similarly Situated**,

  Plaintiff,

v.

**OPPENHEIMERFUNDS, INC., et al.**,

  Defendants.

## FOLLOW UP CASE-MANAGEMENT ORDER

Kane, J.

  On July 15, 2009, I conducted a status conference during which counsel for the parties in

the 32 Oppenheimer related securities fraud class actions (the "Actions") currently pending before me presented various proposals regarding the orderly management of this litigation. Having considered the parties' respective positions and having reviewed the written position statements submitted in support of them, I ORDER as follows:

**I. Consolidation and Appointment of Lead Plaintiff**

The Actions pending before me and in process of being transferred to the District of Colorado involve common questions of law and fact, but also reflect differences including distinct putative classes making different allegations and claiming losses that are specific to each Fund. Giving full consideration to the oral and written statements, at this initial stage of the litigation I order as follows:

A. The 32 pending class actions are consolidated into nine individual class actions by fund, captioned as the following:

*In re Champion Fixed Income Fund;*

*In re Core Bond Fund;*

*In re AMT-Free Municipal Fund;*

*In re AMT-Free New York Municipal Fund;*

*In re California Municipal Fund;*

*In re New Jersey Municipal Fund;*

*In re Pennsylvania Municipal Fund;*

*In re Rochester National Municipal Fund;* and

*In re Rochester Fund Municipals.*

B. These nine consolidated class actions are further grouped into the "Champion" and

"Core Bond" actions on the one hand (which may be referred to collectively as the "Champion/Core Bond Fixed Income" or "Fixed Income" actions) and the "Rochester Municipal" or "Municipal" MDL actions on the other. The Champion/Core Bond Fixed Income actions will proceed independently of the Municipal MDL actions. Counsel in the Fixed Income actions shall consider the question of further consolidating those actions into a single class action, managed by a single lead counsel

C.  While I expect further consolidation or grouping of the seven remaining Municipal Fund MDL actions to be both possible and advisable, it is too early in the litigation for a definitive ruling. Depending on the nature and tenor of the various lead plaintiff motions, I may approve appointed lead plaintiffs' selections of Lead Counsel directly (i.e., a form of Plaintiffs' first ("Three Group") case management proposal), especially if those Motions bridge the divide that currently exists between plaintiffs in the AMT and Rochester Fund cases. My inclination at this point, however, is to employ a form of Plaintiffs' second proposal (*see* Ex. B to Pls' Joint Position Statement (Doc. 65-3)), meaning the approval of a process by which the Lead Plaintiffs of each Municipal Fund (or proposed Municipal Fund group) shall select counsel to be appointed as co-lead counsel, which counsel group shall then select one (or two) of their members to serve as Lead Counsel for PSLRA purposes.

D.  Whatever the outcome of the Lead Counsel sweepstakes, I will appoint a single Liaison Counsel to coordinate locally for both the Fixed Income and Municipal MDL groups of actions.

E.  Parties affected by my previous ruling denying then-pending lead plaintiff/lead counsel motions without prejudice SHALL RE-FILE their Motions for Appointment of Lead

Plaintiff on or before August 7, 2009. Parties who filed Motions in keeping with PSLRA deadlines but wish to amend or re-file those Motions may also do so on or before August 7, 2009. Counsel re-filing such motions must comply with D.C.COLO.LCiv.R 7.1A and shall note that I interpret Rule 7.1A more broadly than most. *See* 7.1A Admonition and *Visor* decision (available on the Court's website at http://www.cod.uscourts.gov/Judges/Judges.aspx). Pursuant to Local Rule 7.1(c), counsel shall have twenty days to file any Opposition, Memorandum in Further Support or Response to the Lead Plaintiff Motions, and movants shall have fifteen days to file a reply. Upon review of these filings I will set a time for argument only if I believe argument will be beneficial.

**II. Counsel Responsibilities.**

    A.  Responsibilities of Plaintiffs' Lead Counsel.

Plaintiffs' Lead Counsel will coordinate this litigation on behalf of all Plaintiffs, will be responsible for dealing with Defendants' counsel day-to-day, and will have the authority to bind and/or act on behalf of all Plaintiffs. The responsibilities of Plaintiffs' Lead Counsel, by themselves or through their designees, shall include, but not be limited to, the following:

    1.  Call meetings of counsel for Plaintiffs for any appropriate purpose.

    2.  If any evidentiary hearings are held, examine witnesses and introduce evidence on behalf of Plaintiffs.

    3.  Act as speaker for all Plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any Plaintiff's counsel to present non-repetitive individual or different positions.

    4.  Submit and argue any motions presented to the Court on behalf of Plaintiffs as

well as oppose, when necessary, any motions submitted by the Defendants or other parties which involve matters within the sphere of the responsibilities of Plaintiffs' Lead Counsel.

5. Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by Plaintiffs' Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has approved the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file a written objection with the Court within 5 days of its submission to the Court for approval. Failure to object within the term allowed shall be deemed a waiver and the stipulation will be automatically binding on that party.

6. Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs' attorneys. Documents filed with the Court and therefore available electronically are exempted from this requirement.

7. Prepare periodic status reports or any other reports required by Magistrate Judge Tafoya summarizing Plaintiffs' Lead Counsel's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to other Plaintiffs' attorneys.

8. Perform any tasks necessary and proper for Plaintiffs' Lead Counsel to accomplish its responsibilities as defined by the Court's orders.

9. Perform such other functions as may be expressly authorized or required by further orders of the Court.

B. <u>Responsibilities of Liaison Counsel</u>.

As soon as practicable, Plaintiffs – either through their Lead Counsel or by joint motion now – and Defendants shall each designate an attorney to serve as Liaison Counsel who will be charged with administrative matters. Liaison Counsel shall (1) maintain and distribute to co-counsel and opposing Liaison Counsel an up-to-date service list; (2) coordinate service, filing and telephone conferencing; (3) receive and distribute pleadings, orders or motions as Lead Counsel may require, although compliance by all counsel of record with the Court's CM-ECF procedures should obviate the need; (4) maintain and make available to all co-counsel at reasonable hours a complete file of all documents served by or upon each party; and (5) carry out such other duties as the Court may order or as co- or Lead Counsel may request.

C. <u>Submission of Special Master Names</u>. As I ordered from the bench at the July 15 conference, counsel shall submit names for a the appointment under Rule 53 of a Special Master, who may be appointed for settlement and mediation purposes only at an appropriate time in this litigation. The names are due to be filed, in writing, on or before July 31, 2009.

### III. Consolidated and Amended Complaints

A. <u>Superseding Consolidated Amended Complaints</u>. Superseding Consolidated Amended Complaints must be filed within 15 days of my order appointing Lead Plaintiffs. The maximum number of such Consolidated and Amended Complaints, based on the scope of the litigation to date, is nine. Depending upon the parties' negotiations and the resulting content of the Motions for Appointment of Lead Plaintiff, however, the final number of consolidated class actions may be fewer than nine. As previously stated, further consolidation of the Champion/Core Bond Fixed Income Actions into a single action would result in a total of eight

class actions, and additional consolidations within and among the various Municipal MDL actions could reduce that number further).

  B. <u>Later Filed Cases.</u>  The terms of this and previous orders governing case management in this Oppenheimer securities litigation, including pretrial consolidation, shall apply automatically to actions later instituted in, or removed or transferred to, this Court that involve claims against the nine Oppenheimer Funds currently at issue.  Any actions involving other, distinct Oppenheimer Funds will be subject to the Initial Case Management Order (Doc. 2) and evaluated for further action at the time they are received.

**V.  Administrative Matters**

  A. <u>Common Interest Doctrine</u>.  One of the fundamental premises of my management of this litigation is that cooperation among counsel is essential for the orderly, expeditious and economical resolution of this litigation.  The communication of information among counsel for plaintiffs and among counsel for defendants shall not be deemed a waiver of the attorney-client privilege or the work product doctrine, and no such communication shall be used against any plaintiff by any defendant or against any defendant by any plaintiff.  Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

  B. <u>Remand to Transferor District</u>.  The Court acknowledges the parties may request the remand of one or more of the Actions to the transferor court pursuant to *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).  The remand of any such Action will occur after a pretrial order has been entered and the Action is substantially ready for trial.

  C. <u>Stay of Discovery</u>.  Whereas the Actions assert claims under the federal securities

laws that are subject to the PSLRA and Defendants have stated their intention to file motions to dismiss, a discovery stay will be triggered under the PSLRA until after all such motions have been fully briefed and ruled upon.

   D. <u>No Waiver</u>.  No party subject to this Order waives any jurisdictional or other defense nor concedes that the Consolidated Amended Complaints relate back to the filing of any complaint in any action now coordinated before the Court or later transferred to the Court.  This Order shall not have the effect of making any entity a party to any action in which it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.  No party waives any rights under the Federal Rules regarding joinder.  This Order is made without prejudice to the right of any party to seek severance of any claim or action, or otherwise to seek individual or distinct treatment of any claim or issue.

   Dated July 20, 2009.

                <u>**s/John L. Kane**</u>
                SENIOR U. S. DISTRICT JUDGE